UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
SHARELLE C.N.,

Plaintiff, DECISION AND ORDER
1:25-CV-06300-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In January of 2022, Plaintiff Sharelle C.N.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Michael S. Aranoff, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 13).

This case was referred to the undersigned on August 27, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

No. 17). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on January 28, 2022, alleging disability beginning March 15, 2020. (T at 194-95).[2] By letter dated July 25, 2022, Plaintiff amended her alleged onset date to March 17, 2020. (T at 231). Plaintiff's application was denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 27, 2024, before ALJ Helen Valkavich. (T at 38-71). Plaintiff appeared with an attorney and testified. (T at 45-64). The ALJ also received testimony from Michael DeMark, a vocational expert. (T at 65-70).

### *B. ALJ's Decision*

On January 4, 2024, the ALJ issued a decision denying the application for benefits. (T at 12-37). The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026, and had not engaged in substantial gainful activity since March 17, 2020 (the amended alleged onset date). (T at 17).

[2] Citations to "T" refer to the administrative record transcript at Docket No. 15.

The ALJ concluded that Plaintiff's depressive disorder, anxiety, post-traumatic stress disorder, traumatic brain injury, frontal lobe disorder, post-concussion syndrome, cognitive disorder, impulse control disorder, migraine headaches, cervical and lumbar degenerative disc disease, and orthostatic hypotension were severe impairments as defined under the Act. (T at 18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently; sit for 6 hours and stand/walk for 6 hours in an 8-hour workday; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; never work at unprotected heights or be exposure to moving mechanical parts; must avoid temperature extremes and respiratory irritants; and is limited to moderate noise. (T at 21).

The ALJ further found that Plaintiff could understand, follow, and carry out simple and detailed, but not complex, instructions; perform routine and repetitive tasks; was limited to positions requiring no more than incidental contact with the public; could not perform work with a specific production rate or hourly quotes; could interact with co-workers provided she was not required to persuade, negotiate, or instruct; and was restricted to work involving “things rather than people.” (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as an informal waitress. (T at 30).

However, considering Plaintiff’s age (25 on the amended alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 15, 2020 (the alleged onset date) and August 20, 2024 (the date of the ALJ’s decision). (T at 31).

On June 6, 2025, the Appeals Council denied Plaintiff’s request for review, making the ALJ’s decision the Commissioner’s final decision. (T at 1-6).

### *C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 28, 2025. (Docket No. 1). On March 25, 2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nos. 17, 19). The Commissioner interposed a brief in opposition to the motion and requested judgment on the pleadings, on May 26, 2026. (Docket No. 21). On June 9, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 22).

## II. APPLICABLE LAW

### *A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises one main argument in support of her request for reversal of the ALJ's decision. Plaintiff argues that the ALJ's consideration of the medical opinion evidence was flawed, which undermined her assessment of Plaintiff's ability to meet the physical and mental demands of basic work activity.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration updated its regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the revised regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, the record contains multiple medical opinions regarding Plaintiff's physical and mental functioning. This Court will consider the opinions and the ALJ's analysis as to both aspects of functioning in turn.

*A. Physical Functioning*

In May of 2015, Dr. Peter Kwan, a neurologist, examined Plaintiff in connection with injuries she sustained in a train accident. (T at 354-55). He described Plaintiff as "partially disabled." (T at 354).

In December of 2015, Dr. Aric Hausknecht, a neurologist, examined Plaintiff and reviewed her records. (T at 826-29). He diagnosed closed head trauma with post-concussion syndrome and mild traumatic brain injury, as well as cervical derangement with C4-5 disc herniation and C5-6 disc bulge. (T at 828). Dr. Hausknecht characterized Plaintiff's prognosis as "guarded," opined that she was "partially disabled," and recommended that she "restrict her activities." (T at 828-29).

Dr. Manuel Paz performed a consultative examination in March of 2023. He diagnosed hypertension and asthma. (T at 634). Dr. Paz assessed mild limitation in Plaintiff's ability to bend, lift, carry, and engage

in prolonged sitting, standing, or walking. (T at 634). He recommended that she avoid respiratory irritants. (T at 634).

In August of 2023, Dr. A. Periakaruppan, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift/carry up to 20 pounds; frequently lift/carry up to 10 pounds; stand/walk for about 6 hours in an 8-hour workday; and sit for about 6 hours in an 8-hour workday. (T at 78). Dr. Periakaruppan believed Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; frequently crouch; and occasionally crawl; and needed to avoid concentrated exposure to respiratory irritants. (T at 78-79).

Dr. Putcha, another State Agency review physician, reached the same assessment regarding Plaintiff's physical functioning in November of 2023. (T at 90).

As noted above, the ALJ recognized Plaintiff's frontal lobe disorder, post-concussion syndrome, migraine headaches, cervical and lumbar degenerative disc disease, and orthostatic hypotension as severe impairments (T at 18), but concluded that she retained the RFC to meet the physical demands of a reduced range of light work. (T at 21).

In reaching this conclusion, the ALJ found the opinions of Dr. Kwan and Dr. Hausknecht unpersuasive and considered the assessments from Dr. Paz, Dr. Periakaruppan, and Dr. Putcha persuasive. (T at 28-30).

The Court finds the ALJ's analysis of the medical opinion evidence, and assessment of Plaintiff's ability to meet the physical demands of basic work activity, supported by substantial evidence and consistent with applicable law.

First, the letters from Dr. Kwan and Dr. Hausknecht pre-date the alleged onset date by several years and do not contain any functional assessment of Plaintiff's limitations. To the extent these physicians described Plaintiff as "partially disabled," such statements are not entitled to any persuasive weight. *See LaValley v. Colvin*, 672 F. App'x 129, 130 (2d Cir. 2017)(noting that the question of "whether [plaintiff] qualifies as disabled under the statute is a decision reserved to the Commissioner") (citation and quotation marks omitted); *see also Snell v. Apfel*, 177 F.3d 128, 133-34 (2d Cir. 1999) ("The final question of disability is ... expressly reserved to the Commissioner."); 20 C.F.R. § 404.1520b(c) (explaining that statements on an issue reserved to the Commissioner, such as a statement that a claimant is or is not disabled, is evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled.").

Second, the ALJ's decision to afford persuasive weight to the assessments of Dr. Paz, Dr. Periakaruppan, and Dr. Putcha is supported by a reasonable reading of the record. On examination with Dr. Paz, Plaintiff demonstrated full range of motion, no joint deformity, no sensory deficit, full strength in her upper and lower extremities, and no evident muscle atrophy. (T at 633-34). The ALJ noted that, while Plaintiff treated for pain and headaches following the 2013 train accident, she received very little treatment for physical impairments following the alleged onset date in March of 2020. (T at 27).

Lastly, the ALJ did not dismiss the evidence, including Plaintiff's subjective complaints, of pain and limitation. Rather, she found Plaintiff limited to a reduced range of light work. (T at 21). To the extent the record arguably shows mild to moderate impairment in Plaintiff's physical functioning, the ALJ's RFC determination adequately accounts for such impairment. *See Lewis v. Colvin*, 548 F. App'x 675, 677 (2d Cir. 2013)("As a preliminary matter, the ALJ's determination that Lewis could perform 'light work' is supported by Dr. Datta's assessment of 'mild limitations for prolonged sitting, standing, and walking ….'"); *Mandato v. Comm'r of Soc. Sec.*, No. 1:22-CV-04000, 2023 WL 6237683, at *12 (S.D.N.Y. Sept. 26,

2023)("Courts within the Second Circuit have held that mild to moderate limitations may be consistent with light work.")(collecting cases).

*B. Mental Functioning*

Plaintiff treated with Carrie Connelly, a behavior therapy analyst, between October of 2017 and July of 2019. Ms. Connelly completed an assessment of functional living skills, in which she opined that Plaintiff had moderate limitations in basic living and community participation skills and severe deficits in independent living, safety awareness, and problem-solving skills. (T at 696).

Dr. Kathleen Acer performed a consultative psychiatric evaluation in July of 2023. She diagnosed major depressive disorder and mild neurocognitive disorder. (T at 639). Dr. Acer assessed no limitation in Plaintiff's ability to understand, remember, and apply simple directions and instructions; no impairment as to personal hygiene or awareness of normal hazards; and moderate limitation with respect to: understanding, remembering, and applying complex instructions; using reason and judgment; interacting with others; maintaining attention and concentration; sustaining an ordinary routine; and regulating emotions. (T at 639).

In August of 2023, Dr. E. Kamin, a non-examining State Agency review physician, assessed moderate impairment in Plaintiff's ability to

meet the mental demands of basic work activity and opined that she could perform unskilled work in an environment that required limited interaction with others. (T at 81-82).

In November of 2023, Dr. L. Haus, another State Agency review physician, opined that Plaintiff retained the ability to understand, carry out and remember simple instructions, make judgments and simple work-related decisions, respond appropriately to supervisors, coworkers, and work situations, and deal with changes in a routine work setting. (T at 91-92).

The ALJ found that Plaintiff had moderate impairment as to all of the domains of mental functioning but concluded that she retained the RFC to perform simple, unskilled work, in an environment with limited social interaction. (T at 20-21). The ALJ considered Ms. Connelly's opinion unpersuasive and gave persuasive weight to the assessments from Dr. Acer, Dr. Kamin, and Dr. Haus. (T at 28-29).

The Court finds the ALJ's consideration of the medical opinion evidence, and assessment of Plaintiff's mental functioning, supported by substantial evidence and consistent with applicable law.

First, the ALJ relied on a reasonable reading of the record. While Plaintiff consistently experienced symptoms of depression and anxiety,

mental status examinations during the relevant period were generally unremarkable and Plaintiff experienced improvement with medication. (T at 859, 862, 865, 868, 871, 875, 877). *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Second, to the extent the record supports a finding of moderate impairment in Plaintiff's ability to meet the mental demands of basic work activity, the RFC determination, which limits Plaintiff to simple work with limited social interaction, adequately accounts for that degree of impairment. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work

involving limited contract with others); *see also Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

The ALJ's assessment of Plaintiff's mental functioning is supported by a reasonable reading of the record and appropriate consideration of the medical opinion evidence. It must therefore be sustained. *See DuBois v. Comm'r of Soc. Sec*., No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.") (emphasis in original) (citation and internal quotation marks omitted).[3]

---

[3] Plaintiff also argues that the hypothetical questions presented to the vocational expert during the administrative hearing did not include all of her limitations. This argument is a restatement of Plaintiff's other challenges to the ALJ's decision and is

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 17) is DENIED; the Commissioner is GRANTED Judgment on the Pleadings; and this case is DISMISSED.[4] The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: September 2, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge

---

unavailing for the reasons outlined above. *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

[4] Plaintiff inadvertently filed her memorandum of law twice, with the first filing being incorrectly docketed as a second motion for judgment on the pleadings. (Docket No. 18). The Clerk of Court is requested to correct this error.